IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


LANCE E. BROWN AND PATRICIA BROWN                    PLAINTIFFS


VS.                          CIVIL ACTION NO. 3:12-cv-439-WHB-LRA


NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                DEFENDANT


OPINION AND ORDER

This cause is before the Court on the Motion of Defendant,
Nationwide Mutual Fire Insurance Company, to Transfer Venue.
Having considered the pleadings, the attachments thereto, as well
as supporting and opposing authorities, the Court finds the Motion
is well taken and should be granted.


I.   Factual background and Procedural History

In February of 2011, Plaintiff, Lance E. Brown ("Brown"), was
allegedly injured when he and Marcelle Whisenton ("Whisenton") were
involved in a motor vehicle accident, which occurred in
Mississippi.  On July 5, 2011, Brown and his wife Patricia
(collectively "the Browns"), filed a lawsuit against Whisenton in
the Circuit Court for the First Judicial District of Hinds County,
Mississippi, seeking to recover damages for injuries they allegedly
sustained as a result of the accident.  In December of 2011, the
Browns filed a Second Amended Complaint by which Nationwide Mutual

Fire Insurance Company ("Nationwide") was added as a defendant. Through the Second Amended Complaint, the Browns sought to recover benefits for the injuries/damages they allegedly sustained as a result of the motor vehicle accident from Nationwide under a policy of insurance it had issued to Brown.

On June 27, 2012, following a settlement of their claims against Whisenton, the Browns filed a Third Amended Complaint in the state court. By this Complaint, the Browns dropped their claims against Whisenton and he was removed as a party to the lawsuit, thereby leaving Nationwide as the sole defendant. As regards Nationwide, the Browns allege that it had issued a policy of insurance to Brown that provided no-fault insurance coverage. The Browns further allege that although they submitted a claim to Nationwide for personal injury protection benefits under the subject policy following Brown's motor vehicle accident, Nationwide breached the subject policy by refusing and/or ignoring their claim. Based on these allegations, the Browns seek compensatory and punitive damages against Nationwide on a claim of breach of contract. The Browns also request declaratory relief regarding: (1) the applicability of the Michigan No-Fault Act, codified at Michigan Compiled Laws 500.3101, *et. seq.*, in this case; (2) the amount of expenses and benefits they are owed under the subject policy; (3) all coverage disputes; and (4) any other issues necessary to adjudicate the rights of the parties.

Nationwide removed the lawsuit to this Court on the basis of diversity of citizenship jurisdiction.  Under 28 U.S.C. § 1332, federal courts have exclusive jurisdiction over civil cases in which the matter in controversy exceeds $75,000 and the parties are citizens of different states.  Here, the Third Amended Complaint does not specify the amount in damages sought by the Browns.  In the Notice of Removal, however, it is alleged, and the Browns do not dispute, that the amount in controversy exceeds the jurisdictional requisite as they previously demanded damages in excess of $80,000 in this case.  See Notice of Removal [Docket No. 1], at ¶ 8 (alleging that the Browns sought damages in excess of $80,000 in their Second Amended Complaint).  Additionally, as the Browns seek compensatory and punitive damages for pain and suffering, medical expenses, loss of consortium, lost wages, and damage to their personal property, the Court finds it is apparent from the face of the Third Amended Complaint that they seek damages in an amount greater than $75,000.  See e.g. Lindy v. Cliburn Truck Lines, Inc., 397 F. Supp. 2d 823, 828 (S.D. Miss. 2005)(finding the amount in controversy was satisfied based on the nature of the plaintiff's claims, and her silence in response to the defendant's allegation that she was seeking greater than $75,000 in damages). See also Barahona Rodriguez v. Kivitt's, Inc., Civil Action No. 3:05-cv-738, 2006 WL 2645190, at *1 (S.D. Miss. Sept. 12, 2006) (same).  The Court additionally finds the diversity of citizenship

3

requirement of Section 1332 is satisfied as the Browns are identified in the Third Amended Complaint as being citizens of Michigan,[1] and Nationwide is identified as foreign corporation with its principal place of business in Ohio.  As the Court finds that both the amount in controversy and the complete diversity requirements of 28 U.S.C. § 1332 are satisfied, it additionally finds it may properly exercise federal subject matter jurisdiction in this case.  Nationwide has now moved to transfer venue to the United States District Court for the Eastern District of Michigan.

## II.  Discussion

Nationwide has moved for a transfer of venue under 28 U.S.C. § 1404(a).  Under this statute: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Id.  In applying this statute, the United States Court of Appeals for the Fifth Circuit has held that the party seeking to transfer venue "must show good cause."  In re Volkswagen AG, 545 F.3d 304, 315 (5th Cir. 2008)("Volkswagon

---

[1]  In their pleadings, the Browns claim they are "presently staying" in Louisiana.  See Resp. [Docket No. 12], Ex. A.  The Court finds the Browns's purported current residency does not affect the diversity of citizenship analysis because, even if considered residents of Louisiana, the citizenship of the Browns and Nationwide would remain diverse.

4

II")(quoting <u>Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.</u>, 321 F.2d 53, 56 (5th Cir. 1963)).

> Th[e] "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled.  When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice."  Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.  When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

<u>Id.</u>

When considering whether to transfer a case pursuant to Section 1404(a), the Fifth Circuit has "suggested ... that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  <u>In re Volkswagen AG</u>, 371 F.3d 201, 203 (5th Cir. 2003)("<u>Volkswagon I</u>").  Here, Nationwide argues that the Browns's claims against it could have been filed in the United States District Court for the Eastern District of Michigan, and the Browns do not contest this assertion.  Having reviewed the pleadings, the Court finds the Browns's claims against Nationwide could have been filed in the Eastern District of Michigan because that court could exercise federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for the same reasons the exercise of subject matter jurisdiction is proper in this Court.  Second, the

Michigan court could properly exercise personal jurisdiction over the parties based on the Browns's citizenship in Michigan at the time their claims were filed, and the contacts Nationwide had with that State including that it had issued the subject insurance policy in Michigan.   Finally, venue is proper in the Eastern District of Michigan because that is the District in which the subject policy was issued, and is the District in which the policy was allegedly breached as evidence by the Browns's Michigan citizenship when their claims were filed.   See 28 U.S.C. § 1391(b)(2) (providing, in relevant part, that "[a] civil action may be brought in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..."). For these reasons, the Court finds the Browns's claims against Nationwide could have been filed in the United States District Court for the Eastern District of Michigan, the proposed transferee venue.

Having determined the Browns's claims against Nationwide could have been filed in the United States District Court for the Eastern District of Michigan, the Court now considers whether the lawsuit should be transferred to that venue under 28 U.S.C. § 1404(a). Under this statute, the Court is required to consider two issues: "the convenience of parties and witnesses" and "the interest[s] of justice."   Id.   The Fifth Circuit has held that the "determination of 'convenience' turns on a number of private and public interest

6

factors, none of which are given dispositive weight." <u>Volkswagon</u> <u>I</u>, 371 F.3d at 203 (citing <u>Action Indus., Inc. v. United States</u> <u>Fid. & Guar. Co.</u>, 358 F.3d 337, 340 (5th Cir. 2004)).  The private concerns identified by the Fifth Circuit include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." <u>Id.</u> (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 n.6 (1981)).  The public concerns to be considered include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." <u>Id.</u> (citing <u>Piper Aircraft</u>, 454 U.S. at 241 n.6).

The first private concern considered is the relative ease of access to sources of proof.  Here, Nationwide argues that the majority of the sources of proof in this case are located in Michigan because (1) all the physicians who, and all the health care facilities that, provided care to Brown following the accident are located in Michigan, and (2) the Browns's claims for benefits under the subject policy are being managed by Nationwide employees in Michigan.  <u>See</u> Rebuttal [Docket No. 18], at 3.  The Browns do

7

not dispute these assertions. See e.g. Resp. at 4 (indicating that Brown's "treating physicians do reside and/or conduct business in Michigan."). The Browns, however, argue, that the location of the records in this case is not an issue because the records "are easily accessible" and "can be easily obtained via mail." Id. The Court finds the Browns's argument regarding ready accessibility is contrary to Fifth Circuit precedent. See e.g. Volkswagon II, 545 F.3d at 316 (explaining that although "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments" does not render the [access to sources of proof] factor superfluous."). The Court additionally finds, and the parties do not dispute, that because all of the records relevant to the Browns's claims against Nationwide are located in Michigan, the access to sources of proof factor favors transfer. See id. (finding that the access to sources of proof factor weighed in favor of transfer in a case in which all of the documents relating to the underlying claim were located in the proposed transferee venue).

The second private concern considered is the availability of compulsory process to secure the attendance of witnesses. Here, as discussed by Nationwide in its pleadings, all of the witnesses in this case, including Brown's health care providers and the employees who managed the claims made by the Browns under the subject insurance policy, are in Michigan. As such, the Court

finds that all of these witnesses are outside the subpoena power of this Court, and that any subpoena issued by this Court to require the attendance of any of these witnesses for deposition or trial would be subject to a motion to quash. See FED. R. CIV. P. 45(c)(3)(A)(ii)(providing that an issuing court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person..."). Accordingly, the Court finds the availability of compulsory process factor favors transfer despite the Browns's argument that they do not presently anticipate "compelling witnesses via subpoena." See Resp. at 4.

The third concern considered is the cost of attendance for willing witnesses. As to this factor, the Fifth Circuit has explained:

> When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

Volkswagon I, 371 F.3d at 204-05. Here, as discussed above, all of

9

the witnesses in this case are in Michigan. The Court takes judicial notice of the fact that Southfield, Michigan (which is identified as the city in which five of Brown's healthcare providers reside) is approximately 953 miles from Jackson, Mississippi (which is the location of this Court). Based on this distance, the Court finds the cost of having these witnesses testify in this Court is significant as there is an increased probability that they would be required to lodge in this District overnight thereby increasing the time they would be away from their regular employment and their home responsibilities. Accordingly, the Court finds the cost of attendance factor favors transfer.

The final private factor to be considered is whether there exists any other practical problems that make trial of a case easy, expeditious and inexpensive. The only argument raised in the pleadings that seemingly implicates this factor is the Browns's claim that the vehicle and trailer that were allegedly damaged in the accident are currently in Louisiana. There is no claim, however, that the Browns would be required to transport the vehicle/trailer to the courthouse for the purpose of having a jury inspect the alleged damage at trial. Accordingly, the Court finds the Browns's argument regarding the location of the damaged vehicle and trailer do not impact the Section 1404(a) transfer analysis.

The Court now turns to the public concerns that are to be considered when deciding a motion to transfer venue under Section

1404(a).  The first public concern considered is the administrative difficulties flowing from court congestion.  Here, there has been no showing that this factor bears on the issue of transfer.

The second public concern considers the local interest in having localized interests decided at home.  Having reviewed the pleadings, the Court finds there are no localized interests in having this case decided in Mississippi.  Specifically, this case concerns plaintiffs who were citizens of Michigan at the time their claims against Nationwide were filed, and who are "presently staying" in Louisiana.  The claims in this case involve a policy of insurance that was issued and allegedly breached in Michigan.  As understood by the Court, the only connection Mississippi now has with the Browns's claims against Nationwide is that it is the state in which the automobile accident, from which the Browns's claims for insurance benefits arose, occurred.[2]  The Court finds that while Mississippi may have had an interest in the case when the issue of liability for the accident was pending, that issue has been resolved as the Browns's claims against the allegedly negligent Whisenton have been settled.  There has been no argument or showing that Mississippi would continue to have an interest in

---

[2]  In their Response, the Browns argue that there exists a localized interest because this Court sits in the same federal circuit, i.e. the United States Fifth Circuit, as does Louisiana, the state in which they are currently located.  The Browns, however, have not cited to any authority whereby the sharing of a common federal circuit implicates the transfer analysis under Section 1404(a).

11

this case as it involves non-resident parties and concerns a contract that was neither entered nor allegedly breached within her borders.  Accordingly, the Court finds the local interest factor favors transfer.

The third and forth public concerns consider the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law, respectively.  Here, there has been no showing that Mississippi law should be applied in this case, and the Browns have specifically requested that the case be decided under the Michigan No-Fault Act, codified at Michigan Compiled Laws 500.3101, *et. seq*.  As the Court has no familiarity with Michigan law, and has not previously been called upon to apply the Michigan No-Fault Act, it finds the judges in Michigan would likely be more familiar with, and therefore better able to determine whether the laws of that State should be applied in this case, and then to apply those laws as necessary.  Accordingly, the Court finds the familiarity with governing law and the application of foreign law factors favor transfer.

In sum, the Court finds the private and public concerns relevant to a transfer of venue under 28 U.S.C. § 1404(a) favor transfer in this case.  Thus, the Court finds Nationwide has shown good cause for such transfer.  Accordingly, the Court will grant the Motion of Nationwide to Transfer Venue, and will transfer this

case to the United States District Court for the Eastern District of Michigan, Detroit Division.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Nationwide to Transfer Venue [Docket No. 7], is hereby granted.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to transfer this case to the United States District Court for the Eastern District of Michigan, Detroit Division.

SO ORDERED this the 7th day of November, 2012.

                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE